UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAMELA GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:04-cv-2119-SEB-JMS |
| vs. ) | |
| ) | |
| IRWIN MORTGAGE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT**
(Dkt .# 78)

**Introduction and Procedural Background**

This matter is before the Court on the Second Motion for Summary Judgment filed by Defendant Irwin Mortgage Corporation ("Irwin"). Plaintiff Pamela Green ("Green") has responded to the motion and a reply brief was also filed by Defendant. For the reasons summarized below, Defendant's Motion is granted and this cause is dismissed on the basis of *res judicata*. We do not address the merits of Plaintiff's substantive claims since they have been fully considered (and rejected) by the Indiana trial court where an identical action has proceeded to final judgment.[1]

The record before us demonstrates that claims identical to those raised in this action were previously raised in and have been finally adjudicated by the Marion Superior Court in Cause No. 49D03-0411-MF-2162. Irwin filed that action against Green on November 16, 2004, and it has been

---

[1] Because we do not address the merits of Plaintiff's substantive claims, it is not necessary to address Defendant's Motion to Strike Portions of the Affidavit of Pamela A. Green (Dkt. # 100), which is denied as moot.

1

litigated as a concurrent action to the case at bar which Green filed against Irwin on December 29, 2004. (For much of the time this federal case has been pending, action has been stayed awaiting a final determination in state court.) Irwin Mortgage's state action sought foreclosure of its mortgage interest and note relating to real estate based on Green's alleged default on the monthly payments. Green's Answer in the state case included various counterclaims against Irwin. (Exh.22 to Irwin's Motion, Dkt. # 81) It is those counterclaims that Green reasserted in this separate, but identical federal case.

On March 27, 2007, the state court granted Irwin's motion for summary judgment authorizing foreclosure and denying Green's counterclaims; judgment was entered in all respects in favor of Irwin on October 31, 2007. (Exh.25 to Irwin's Motion, Dkt # 81; Exh.1, Dkt. #90) Thereafter, Green filed her motion to correct error on November 19, 2007, (Exh. 1, Dkt. # 92) and it was denied on December 5, 2007 (Exh 3, Dkt. # 99). A notice of appeal was filed by Green on December 31, 2007, and remains pending before the Indiana Court of Appeals in Cause Number 49A02-0801-CV-76.

Green's counterclaims originally asserted in the state court action specifically included, *inter alia,* the following three causes of action: Irwin failed to provide required documents to her at the closing on her mortgage under the Real Estate Settlement Procedures Act; Irwin violated her rights under the Truth in Lending Act; and Irwin violated the Indiana Deceptive Consumer Sales Act. The same three causes of action involving the same parties comprise Green's federal case which is now before us. (See July 31, 2006, Joint Status Report, Dkt #65)

In Green's response to Irwin's motion for summary judgment asserting its *res judicata* defense, Green limits her discussion to only her RESPA claim, apparently conceding that her other

two substantive claims (pursuant to the Truth in Lending and Deceptive Consumer Sales Act) were, in fact, included and resolved in the state court judgment. With regard to the RESPA claim, Green also concedes that she included this violation in both her state court counterclaims and her federal cause of action. However, she now argues that the claim she previously asserted incorrectly involved an alleged procedural violation by Irwin relating to the loan origination process, whereas she intended to assert a violation of Title 12, U.S.C., § 2605(1)(A), which provision required Irwin to respond to her qualified written request for information relating to the servicing of the loan, which Green maintains Irwin did not do so.

Green explains her procedural error on that grounds that she was representing herself *pro se* and out of ignorance simply alleged the wrong claim. It was not until she hired a lawyer to represent her that he discovered and first raised the § 2605 violation in Green's brief opposing Irwin's summary judgment motion. Despite this admittedly belated assertion, the issue did in fact get raised over Irwin's objections during the oral argument on the motion and thus was before the state court judge when his ruling was made. The Court's subsequent ruling resulted in a denial of all of Green's counterclaims and the granting of Irwin's foreclosure. Against this background, Green somewhat unconvincingly argues here, in opposing Irwin's request for a finding of *res judicata* as to the RESPA claim, that "... because of the lack of clarity of the trial court's March 27, 2007 (sic) Order, Green is respectfully requesting that this Court not accept Irwin's invitation to bar her RESPA claim, as it relates to Irwin's failure to comply with ... § 2605(e)(1)(A) and 24 C.F.R. 203.666." (Plaintiff's Memorandum of Law opposing defendant's summary judgment motion, Page 9).

## Legal Analysis

*Res judicata* is an affirmative defense pursuant to which federal courts give state court

judgments the same preclusive effect those judgments would receive in state court. Owens v. Howe, 2004 U.S.Dist. LEXIS 22728 (N.D. IN 2004). Therefore, we look to Indiana law to determine whether the state court's judgment now bars Green's federal claims.

Under Indiana law, the doctrine of *res judicata* "bars litigation of a claim after a final judgment has been rendered in a prior action involving the same claim between the same parties or their privies. Small v. Centocor, Inc., 731 N.E.2d 22, 26 (Ind.Ct.App. 2000).

There are four generally recognized elements of *res judicata*: "(1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the matter now in issue was, or might have been, determined in the former suit; (3) the particular controversy adjudicated in the former action must have been between parties to the present suit or their privies, and (4) the judgment in the former suit must have been rendered on the merits." Alsup v. Spratt, 577 F. Supp. 557, 1983 U.S. Dist. LEXIS 10715 (N.D. Ind. 1983);

The purpose of the doctrine of *res judicata* is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." Jordan v. Ridge, 2005 U.S. Dist. LEXIS 3686, *6 (S.D. Ind. February 22, 2005).

In the case at bar, all three factors required for a *res judicata* finding apply: the state court judgment was rendered by a court of competent jurisdiction; (this has not been disputed by Green and was expressly mentioned in the state court judge's summary judgment ruling). The matter now in issue was, or clearly might have been, determined in the former suit; (the RESPA claim was included in the final adjudication on the merits as Green has conceded, despite any after the fact claimed uncertainty in the ruling handed down because the judge addressed all of the arguments

4

raised by Green and was not required to make more specific findings in entering judgment, but even if it weren't, it was available and could have been raised by Green). Finally, the state court adjudication involved the exact same parties as those before us in this federal court action.

Accordingly, the doctrine of *res judicata* bars all of Green's claims in this federal action, and summary judgment in favor of Irwin is required. Its motion shall be granted and final judgment entered in favor of Defendant.

IT IS SO ORDERED.

Date: 03/13/2008

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Dana Childress-Jones
childressjones@aol.com

Dale W. Eikenberry
WOODEN & MCLAUGHLIN LLP
deikenberry@woodmaclaw.com

Jeffrey Allen Hammond
WOODEN & MCLAUGHLIN LLP
jhammond@woodmaclaw.com